THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00065-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| JAIME ECHEVERRIA ANTUNEZ, a/k/a JAIME HECHEVERRIA ANTUNEZ, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reduce Sentence." [Doc. 36].

**I. BACKGROUND**

The Defendant Jaime Echeverria Antunez was charged in a Bill of Indictment with three counts of manufacturing, distributing, dispensing, and possessing with intent to manufacture, distribute, and dispense a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts One, Four, and Five); one count of manufacturing, distributing, dispensing, and possessing with intent to manufacture, distribute, and dispense a quantity of methamphetamine on premises in which a minor was present and did reside, in violation of 21 U.S.C. § 860a (Count Two); and one count of possessing a

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). [Doc. 1]. The Defendant pled guilty pursuant to a written plea agreement to Count Ones and Two; the remaining drug and firearm charges were dismissed. [Docs. 18, 21, 34]. A Presentence Report was prepared in advance of sentencing, which determined a total offense level of 38, including a two-level increase due to the fact that the Defendant had possessed a dangerous weapon (namely, a firearm) in connection with his offense. [Doc. 30: PSR at ¶¶ 15, 24]. The probation office further determined that the Defendant had zero criminal history points, which established a criminal history category of I. [Id. at ¶ 27]. That criminal history category, when combined with a total offense level of 38, resulted in a guideline range of 235 to 293 months' imprisonment. [Id. at ¶ 45]. On February 28, 2019, the Court sentenced the Defendant to a total term of 168 months' imprisonment. [Doc. 34]. The Defendant did not appeal.

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821[1] for a reduction of his sentence. [Doc. 36].

---

[1] The Defendant references both Part A and Part B in his motion. However, Part A is clearly inapplicable to his case, as that section pertains to offenders who received criminal history status points. Here, the Defendant was not assessed any criminal history points. Accordingly, the Court will limit its analysis to the Defendant's eligibility for relief under Part B of Amendment 821.

2

## II.  DISCUSSION

Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2).  In such a case, the Court may reduce the sentence if such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id.  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

In considering a motion under § 3582(c)(2), the Court undertakes a two-step analysis.  First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," including calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)).  Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the

particular circumstances of the case." Id. The Court also may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). Ultimately, the decision to grant or deny a § 3582(c)(2) motion is within the Court's discretion. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013).

Part B of Amendment 821, which became effective on November 1, 2023, amended U.S.S.G. § 4C1.1 to provide for a decrease of two levels from the offense level determined under Chapters Two and Three for those defendants who did not receive any criminal history points and whose offense of conviction did not include any aggravating factors. U.S.S.G. § 4C1.1 (2023). One of the aggravating factors identified in the revised guideline is that the Defendant possessed a firearm or other dangerous weapon in connection with the offense. Id. § 4C1.1(a)(7). Here, the Defendant's offense of conviction clearly involved the possession of a firearm. As such, the Defendant does not meet the criteria for relief under Amendment 821. Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reduce Sentence" [Doc. 36] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 12, 2024

Martin Reidinger
Chief United States District Judge