THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00065-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAIME ANTUNEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction and Motion for Appointment of Counsel [Doc. 39]; the Defendant's Motion for Order Directing Government to Produce Petitioner's Post-Rehabilitation Documents [Doc. 40]; and the Defendant's Motion for Order Directing Government to Produce Petitioner's Medical Records and Additional Information [Doc. 41].

**I.    BACKGROUND**

The Defendant Jaime Antunez pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute methamphetamine on premises where minor children reside, in violation of 21 U.S.C. § 860a. [Docs. 18, 21]. On

February 28, 2019, the Court sentenced him to a total term of 168 months' imprisonment. [Doc. 24 at 2].

The Defendant previously moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, which the Court denied. [Docs. 36, 38]. The Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 39].

**II. DISCUSSION**

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant does not indicate in his Motion whether he has exhausted his administrative rights with the BOP. Nevertheless, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons

if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence. As is relevant here, such extraordinary and compelling reasons include (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care, U.S.S.G. § 1B1.13(b)(1); and (2) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made

retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. Id. § 1B1.13(b)(6).

Here, the Defendant argues that compassionate release is warranted because he "has served numerous years" of "an unusually long sentence" and that he "has established a record of rehabilitation showing that, if released, he is no danger to the public." [Doc. 39 at 5-6]. In further support of his argument that he is not a danger to the public, the Defendant states that he "experienced physical and mental deterioration during the pandemic." [Id. at 7].

To the extent that the Defendant argues that his sentence was "unusually long" within the meaning of § 1B1.13(b)(6), his argument is without merit. The Defendant was found to have distributed or possessed with intent to distribute over three kilograms of actual methamphetamine. [Doc. 30: PSR at ¶ 6]. This drug quantity resulted in a base offense level of 36. [Id. at ¶ 14]. Additional levels were added due to the Defendant possessing a firearm and distributing methamphetamine from a premises where a minor resided, which after deducting points for acceptance of responsibility, resulted in a total offense level of 37. [Id. at ¶¶ 15-16, 22-24; Doc. 35: Statement of Reasons (SOR) at 1]. Based on total offense level

of 37 and a criminal history category of I, the Defendant's advisory guideline range was calculated to be 210 to 262 months. [Doc. 35: SOR at 1]. The Court departed from that range, ultimately imposing a sentence of a total of 168 months. [Doc. 34: Judgment; Doc. 35: SOR at 2]. The Defendant only has served approximately six years of his fourteen-year sentence, and he has not identified any changes in the law that would produce a gross disparity between the sentence he is currently serving and a sentence that would likely be imposed today. Accordingly, the length of the Defendant's sentence and the time which he has served does not constitute an extraordinary and compelling reason for a sentence reduction.

To the extent that the Defendant argues that he has suffered physical and mental deterioration, the Defendant has not identified any specific health problems that have diminished his ability to provide self-care or that require any type of medical treatment that is not being provided. U.S.S.G. § 1B1.13(b)(1). Finally, while the Defendant makes vague reference to his rehabilitation efforts, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for relief under the sentencing guidelines. Id. § 1B1.13(d).

Therefore, considering the Defendant's circumstances, either singly or in combination, the Court concludes that the Defendant has not shown that any extraordinary or compelling reasons warrant a sentence reduction.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crimes were extremely serious, as he was found to be in possession of a significant quantity of methamphetamine, along with a firearm. The Defendant also committed his offenses at a premises where minor children resided. In light of the serious nature of the Defendant's offenses, the Court finds that the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes, counsel against a further reduction of the Defendant's sentence.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant §

3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for a sentence reduction is denied.

The Defendant moves for the appointment of counsel to represent him in connection with seeking a sentence reduction. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B).

Here, the Defendant has not shown that he has a potentially meritorious claim for compassionate release. Further, he has failed to identify any particular challenge to pursuing this claim, arguing only that his incarcerated status "makes it difficult to obtain" certain court records and to properly brief his claim. [Doc. 39 at 9]. It does not appear from the record that appointed counsel would assist the Defendant with either (1) establishing a meritorious claim or (2) developing the record further in

support of a meritorious claim. Accordingly, the Court concludes that the appointment of counsel would not be in the interests of justice. Accordingly, the Defendant's request for the appointment of counsel is denied.

The Defendant also moves the Court to order the Government to produce additional documents relevant to his Motion for Sentence Reduction. However, the Government is under no obligation to produce such documents, and the documents requested can be obtained by the Defendant himself through the Bureau of Prisons.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction and Motion for Appointment of Counsel [Doc. 39] are both **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Order Directing Government to Produce Petitioner's Post-Rehabilitation Documents [Doc. 40] and Motion for Order Directing Government to Produce Petitioner's Medical Records and Additional Information [Doc. 41] are both **DENIED**.

**IT IS SO ORDERED.**

Signed: August 28, 2024

Martin Reidinger
Chief United States District Judge